UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     Case No. 3:18-cv-605-J-34JBT

DAVID WERNICKE, individually, as
Personal Representative of the Estate of
Norbert Wernicke, and as Trustee of the
Norbert Wernicke Revocable Trust,

    Defendant.

---

# **O R D E R**

This **CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 29, Motion), filed January 29, 2019, and Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 31, Response), filed February 12, 2019. Plaintiff, the United States of America, seeks allegedly unpaid estate taxes owed by Defendant, David Wernicke, in his representative and individual capacities. Doc. 6 (Amended Complaint), filed May 30, 2018. In the Motion, the United States generally argues that it is entitled to summary judgment because undisputed material facts demonstrate that "Wernicke is the Personal Representative of the Estate of Norbert Wernicke; . . . the IRS assessed an estate tax on that estate; . . . the estate tax remains unpaid; . . . and Wernicke

1

received estate property worth more than the unpaid tax." Motion at 1. In his Response, Wernicke argues that "genuine issues of material fact exist, and Plaintiff is not entitled to judgment as a matter of law." Response at ¶ 21. The core of Wernicke's argument is that the United States' action against him is untimely, because the United States filed the action outside the relevant statute of limitations. Id. at ¶¶ 30-33. He further contends that he "has not had the chance to conduct discovery regarding key issues of material fact which he believes could be dispositive in this case and which would ultimately assist the trier of fact." Id. at ¶ 22. As such, Wernicke requests the "opportunity to conduct discovery" particularly as it relates to his statute of limitations argument. Id. at ¶ 42. Upon review of the record in this case, the Court finds Plaintiff's Motion for Summary Judgment is premature.

Courts in this Circuit have long recognized that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (collecting cases). Indeed, fairness to the non-movant dictates that, "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). Thus, "[a] district court may grant summary judgment in the early stages of discovery only if 'further discovery would be pointless' and the movant is 'clearly entitled to summary judgment.'" Pelican Rests., Inc. v. Crazy Flamingo, Inc., No. 2:06-cv-211-FtM-29DNF, 2007 WL 911760, at *1 (M.D. Fla. Mar. 22, 2007) (quoting Robak v. Abbott Labs., 797 F. Supp. 475, 476 (D. Md. 1992)).

In this regard, Rule 56(d) of the Federal Rules of Civil Procedure (Rule(s)) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to the motion for summary judgment], the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1] The Eleventh Circuit, however, has held that "the opposing party need not file an affidavit pursuant to Federal Rule of Civil Procedure [56(d)] in order to invoke the protection of that rule because the written representation by [the opposing party's] lawyer, an officer of the court, is in the spirit of Rule [56(d)] under the circumstances." Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1990) (internal quotations omitted) (alteration in original); see also Clairmont v. Sun Terminals, Inc., No. 06-61040-CIV-Marra/Johnson, 2007 WL 646563, at *1 (S.D. Fla. Feb. 26, 2007). In addition, the Eleventh Circuit has recognized that "the interests of justice will sometimes require a district court to postpone its ruling on a motion for summary judgment even though the technical requirements of Rule [56(d)] have not been met." See Snook, 859 F.2d at 871. Nevertheless, a nonmovant seeking the protection of Rule [56(d)] may not rely on vague assertions that additional discovery will produce needed but unspecified facts, rather that party must demonstrate to the Court how postponement of the ruling will enable him to rebut the movant's contentions. See Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525, 527 (11th Cir. 1983).

Upon review of the Motion for Summary Judgment and the record in this action, the Court is unable to conclude that "'further discovery would be pointless'" or that the

---

[1] The Court notes that before December 1, 2010, the substance of Rule 56(d) was found in Rule 56(f). However, the Rule did not undergo any substantive changes. See Advisory Committee Notes to the 2010 amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). As such, case law analyzing the former Rule 56(f) instructs the Court's analysis.

3

United States is "'clearly entitled to summary judgment.'" Pelican Rests. Inc., 2007 WL 911760, at *1 (quoting Robak, 797 F. Supp. at 476). Additionally, pursuant to Rule 3.05(c)(2)(B), Local Rules of the United States District Court, Middle District of Florida (Local Rule(s)), the parties were prohibited from engaging in discovery until they had met for the purpose of preparing and filing a case management report. See Local Rule 3.05(c)(2)(B). The parties met to prepare their Case Management Report on October 24 and 29, 2018, and agreed to a discovery deadline of April 29, 2019. See Case Management Report (Doc. 22) (reporting dates of case management meeting as well as discovery deadlines). The parties filed the Case Management Report on November 11, 2018, and nine days later the United States filed its first Motion for Summary Judgment. See First Motion (Doc. 20) filed November 7, 2018. On December 28, 2018, the United States withdrew its First Motion, see Notice of Withdrawal (Doc. 28), and filed the instant Motion a month later, but well before the parties' agreed discovery deadline of April 29, 2019. As such, Wernicke had only a limited opportunity to engage in discovery prior to filing his Response to the United States' Motion. In his Response, Wernicke argues that further discovery is necessary to determine when and whether the United States took certain actions as related to his potential tax liability, and argues that the timing of such actions is relevant to the question of whether the United States filed its action against him within the relevant statute of limitations. On this record, the Court is of the view that the Motion is prematurely filed. Accordingly, Rule 56(d) entitles Wernicke the opportunity to conduct adequate discovery before the Court considers the United States' Motion. The Court is not convinced that Wernicke has been given that opportunity at this stage of the proceedings. As such, the United States' Motion is due to be denied without prejudice.

After Wernicke is able to complete adequate discovery, the United States may reassert and refile its Motion, and Wernicke will be required to respond in a timely manner.[2]

Accordingly, it is hereby **ORDERED**:

1. Plaintiff United States' Motion for Summary Judgment (Doc. 29) is **DENIED WITHOUT PREJUDICE** as premature.

2. Plaintiff United States may reassert and refile its motion after an adequate opportunity for discovery has occurred in the case.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of February, 2019.

*[signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

lc26

Copies to:

Counsel of Record

---

[2] The Court notes that Wernicke's current Response is sparse in providing a memorandum of legal authority as required by Local Rule 3.01(b). The Court expects that any future filings by Wernicke will be in full compliance with the Local Rules.